1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARLENE CHERRY,

                    Plaintiff,

        v.

THE UNITED STATES OF AMERICA,

                    Defendant.

Case No.  C06-5031 RJB

ORDER GRANTING MOTION TO
DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION

This matter comes before the Court on Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction. Dkt. 7.  The Court has considered the pleadings filed in support of this motion and the record.  No opposing briefs were filed in this matter.

This dispute arises out of injuries suffered by Plaintiff while she was a crew member onboard the SS Cape Intrepid, a ship operated by the United States through a contracted agent.  According to Plaintiff's Complaint, on or about November 29, 2004, Plaintiff was injured while acting within the scope of her duties while the SS Cape Intrepid was in navigable waters. Dkt. 1(1) at 2.  Plaintiff alleges that her injuries were the proximate cause of Defendant's negligence, failure to provide a reasonably safe work environment, and the unseaworthiness of the vessel. *Id.*  On January 18, 2006, Plaintiff filed this action in federal court.

On April 7, 2006, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Dkt. 7.  Defendant argues that Plaintiff has failed to exhaust her

ORDER
Page - 1

administrative remedies prior to filing her suit, as required by 50 App. U.S.C. § 1291(a).  In support of its motion to dismiss, Defendant provides an affidavit from the Chief of the Division of Marine Insurance, Maritime Division, United States Department of Transportation, stating that its office has no record of Plaintiff ever filing a claim in this matter.  Dkt. 8.  Plaintiff has failed to respond to Defendant's motion, which is now ripe.

After a careful review of the record, it appears that Plaintiff has not exhausted her administrative remedies in this matter, and the case should be dismissed without prejudice.

Therefore, it is hereby

**ORDERED** that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction (Dkt. 7) is hereby **GRANTED** without prejudice.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 15th day of May, 2006.

Robert J. Bryan
United States District Judge